Modified.

▮▮▮

In re PROSSER.

Patent Appeal No. 2668.

Court of Customs and Patent Appeals.
April 15, 1931.

Morrison, Kennedy & Campbell, of Washington, D. C. (Harold Olsen, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed an application in the Patent Office for a patent upon an alleged invention relating to hosiery drying and shaping structures. His device, as disclosed, consists of a form to be used for stretching and drying hosiery, which is attached to a pipe by means of which steam, or other heating element, may be introduced into the form. The form is attached to the pipe conveying the heat element by an intermediate coupling. This coupling is disposed in such a way as to cause the form to stand in an angular position with regard to the supporting heat carrying pipe. The device is particularly for use in manufacturing establishments where hosiery must be stretched and dried in large quantities, and the idea of the inventor is that the operator who attends to placing hosiery on these forms and removing them will be better able to do this work in an efficient way if the forms carrying the hosiery are disposed in an angular way, so that, as the operator proceeds along a row of these forms, the toes of the forms will be inclined in an angle in the direction in which the operator is proceeding.

The only part of the hosiery heating and drying device here involved is the coupling which unites the form to the heat pipe. Nothing new is claimed as to the form itself. The form has a base consisting of an oblong rectangular portion, grooved along its bottom surface longitudinally. Recesses above this oblong portion, in the form, are provided for bolts to hold the form to the coupling portion. The coupling member consists of three portions, namely: An upper oblong, rectangular portion, convex upon its upper surface, to fit the said groove in the form; a lower oblong portion grooved on its bottom surface, longitudinally, to fit the heat pipe and convex on its upper surface; a central or connecting portion, oblong in shape, of less length than the two end portions, with its longitudinal axis identical with the upper portion, but angular with the said axis of the lower portion, of the coupling member. This coupling member has openings through it to conduct the heating element, and is provided with bolt holes for attachment to the form and to the heat pipe.

Fourteen claims were filed with the application, all of which were rejected by the Examiner on the following references: Anthony 550,470, November 26, 1895; Collis, 1,114,966, October 27, 1914; Reeps, 1,464,-539, August 14, 1923. On appeal this decision was affirmed by the Board of Appeals of the United States Patent Office, and an appeal was taken to this court.

For the purposes of this decision two claims are here given, which seem to be typical of the two classes of claims in the application:

"1. A form coupling-device including a form-attaching portion and a conduit-attaching portion, one portion being turned relative to the other about an axis passing through both portions."

"8. A form coupling device comprising an elongated form-attaching portion having a semi-cylindrical surface, an elongated pipe-attaching portion provided with a longitudinal groove, and a connecting section between the portions, the device involving a distortion intermediate its extremities by turning one of the portions relative to the other about an axis passing through both, these portions and the section being provided with a plurality of channels."

We have examined with some care the references cited. Anthony shows a steam glove drying and forming apparatus. His apparatus has a connection which is adjustable and is composed of two cylindrical pipe portions, one of which is threaded into the other and which can be turned as desired by the operator.

The reference Collis shows a form which is connected to the heating element by a flanged base piece elliptical in form, and which connection is attached to the form and to the heating element, but which has no distortion intermediate of its end portions.

Reeps shows a two-piece tube connection where the form may be turned by means of turning these tubular section pieces, one within the other.

The Board of Appeals cited, in addition to the other references relied upon by the Examiner, a patent to Upp, No. 1,106,260, of August 4, 1914, and this reference is said by

the Board to anticipate all the claims in the application.

The Upp reference shows a hosiery form made in a similar manner to that of appellant here, and disposed on a heating pipe at right angles thereto. The form is in two parts, as is the form of appellant, being divided about midway of the leg portion. The base portion, however, is in one section and has no connecting part with the heat pipe. In fact, the heating element is shown by the drawings to pass through the base of the form. It is quite evident, from an inspection of the drawings and specification, that the base portion of the form of Upp is rigid, is cast in one piece, and has no connecting portion of any kind with the heating pipe, but simply an orifice through which the heating pipe is inserted.

We cannot agree with the Board of Appeals that the references cited anticipate appellant's coupling device. The form of his coupling, as hereinbefore described, especially with regard to the distortion or change of angles, between the lower and upper portions thereof, is not found in any of the references. The twisting of one pipe within another, as in Anthony and Reeps, cannot be said to be "a distortion intermediate its extremities." Appellant's disclosure and claims rest upon a coupling of one member. Anthony and Reeps have two. Collis has one, not distorted. Upp has none. The appellant's device, therefore, is patentable.

The decision of the Board of Appeals is reversed.

Reversed.